**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ANDREW JAMES MCGONIGLE, on behalf of himself and others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:25-cv-00845** |
| **TELESCENTS, INC.** | ) | |
| **Defendant.** | ) | |

**TELESCENTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Telescents, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the First Amended Class Action Complaint (the "Amended Complaint") of Plaintiff Andrew James McGonigle ("Plaintiff") and respectfully states as follows:

**Nature of this Action**

1. Defendant admits that Plaintiff purports to bring a class action against Defendant under the TCPA and denies all other allegations or characterizations contained in Paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

## Jurisdiction and Venue

3. The allegations contained in Paragraph 3 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4. The allegations contained in Paragraph 4 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

## Parties

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies them.

7. Defendant admits the allegation contained in Paragraph 7 of the Amended Complaint.

## Factual Allegations

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Amended Complaint and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Amended Complaint and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Amended Complaint and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies them. Defendant further avers that Defendant obtained prior express consent to contact the telephone number (804) 238-XXXX and that consent was never revoked.

12. Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies them to the extent that they mischaracterize any admission by Defendant regarding the details of the text message communications referenced therein. Defendant admits that Attentive documented or otherwise memorialized text messages sent on Defendant's behalf via the Attentive platform and further avers that the details and content of those text messages speak for themselves.

15. Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies them. Defendant further avers that the text message referenced therein speaks for itself and denies any allegations inconsistent therewith.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint. Defendant further avers that the text message referenced therein speaks for itself and denies any allegations inconsistent therewith.

18. Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint. Defendant further avers that the text message referenced therein speaks for itself and denies any allegations inconsistent therewith.

19. The allegations contained in Paragraph 19 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the text messages referenced therein contained hyperlinks to Defendant's website, further avers that the text messages referenced therein speak for themselves and denies any allegations inconsistent therewith.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies them. Defendant further avers that Defendant obtained prior express consent to contact the telephone number (804) 238-XXXX and that consent was never revoked.

23. The allegations contained in Paragraph 23 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant

admits that the Federal Communications Commission (FCC) maintains and makes available the Reassigned Numbers Database and denies any allegations inconsistent with the FCC's description and purpose thereof.

24. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

**Class Action Allegations**

25. The allegations contained in Paragraph 25 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint and further avers that no class could be certified in this action.

26. The allegations contained in Paragraph 26 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint and further avers that no class could be certified in this action.

27. The allegations contained in Paragraph 27 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint and further avers that no class could be certified in this action.

28. The allegations contained in Paragraph 28 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint and further avers that no class could be certified in this action.

29. Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Amended Complaint and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Amended Complaint and therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Amended Complaint and therefore denies them.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Amended Complaint, including subparagraphs (a) through (d).

44. Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint and further avers that no class could be certified in this action.

45. Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint and further avers that no class could be certified in this action.

46. Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint and further avers that no class could be certified in this action.

47. Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint and further avers that no class could be certified in this action.

48. Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint and further avers that no class could be certified in this action.

49. Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint, further denies that Plaintiff or any putative class members suffered damages and avers that no class could be certified in this action.

50. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint and further avers that no class could be certified in this action.

51. Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint and further avers that no class could be certified in this action.

52. Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint and further avers that no class could be certified in this action.

**As to Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

53. Defendant repeats and realleges Paragraphs 1 through 52 of its Answer as if fully restated herein.

54. The allegations contained in Paragraph 54 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the document referenced in Paragraph 54 of the Amended Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 54 of the Amended Complaint.

55. The allegations contained in Paragraph 55 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. The allegations contained in Paragraph 56 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the document referenced in Paragraph 56 of the Amended Complaint speaks for itself

and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 56 of the Amended Complaint.

57. The allegations contained in Paragraph 57 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the document referenced in Paragraph 57 of the Amended Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 57 of the Amended Complaint.

58. The allegations contained in Paragraph 58 of the Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the document referenced in Paragraph 58 of the Amended Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Amended Complaint.

**As to the Prayer for Relief**

As to the Amended Complaint's "Prayer for Relief" and its subparagraphs (a) through (j), Defendant denies that Plaintiff or any other putative class member is entitled to the requested relief or any form of relief under any theory of recovery.

**As to the Demand for Jury Trial**

As to Plaintiff's "Demand for Jury Trial," Defendant admits that Plaintiff has demanded a trial by jury of any and all triable issues. Defendant denies that Plaintiff or any purported class member is entitled to a jury trial against Defendant.

**Reservation of Rights**

Defendant denies each and every allegation contained in the Amended Complaint, including the prayer for relief, not expressly admitted herein. Defendant reserves the right to amend this Answer and Affirmative Defenses to conform to the evidence as determined through discovery or at trial.

## AFFIRMATIVE DEFENSES

In further response to the Amended Complaint, and without conceding or assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Defendant hereby asserts the following affirmative defenses:

### First Affirmative Defense

The Amended Complaint, and each of its causes of action, fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

The Amended Complaint and each of its causes of action and forms of relief sought therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to assert the causes of action alleged in the Amended Complaint.

**Third Affirmative Defense**

Plaintiff's claims, and the claims of the putative class members, are barred in whole or in part, to the extent that Defendant obtained prior express invitation, permission or consent to the receipt of telemarketing text messages.

**Fourth Affirmative Defense**

Plaintiff and the putative class members cannot recover from Defendant under the Amended Complaint to the extent that Plaintiff and the putative class members have not alleged that they have suffered or will imminently suffer a concrete injury, thereby depriving this Court of Article III jurisdiction.

**Fifth Affirmative Defense**

Plaintiff and the putative class members cannot recover from Defendant under the Amended Complaint to the extent that Plaintiff and the putative class members have not sustained any injury traceable to Defendant.

**Sixth Affirmative Defense**

To the extent Plaintiff purports to certify a class, Plaintiff's allegations do not give rise to class status as he cannot satisfy the requirements of Rule 23.

**Seventh Affirmative Defense**

Plaintiff and the putative class members are barred from recovery from Defendant because Plaintiff cannot show that he or members of the putative class are entitled to damages as a result of any acts or omissions by Defendant.

**Eighth Affirmative Defense**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver and/or unclean hands.

**Ninth Affirmative Defense**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of laches.

**Tenth Affirmative Defense**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by their failure to mitigate damages.

**Eleventh Affirmative Defense**

Defendant did not proximately cause any damages, injury, or violation alleged in the Amended Complaint. Damages or injuries suffered by Plaintiff or the putative class members, if any, are attributable to the conduct, acts and/or omissions of third parties, and not Defendant.

**Twelfth Affirmative Defense**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**Thirteenth Affirmative Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that the text messages of the type alleged in the Amended Complaint fall within the TCPA safe harbor for calls/text messages post number reassignment.

**Fourteenth Affirmative Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that any alleged damages suffered by Plaintiff or any putative class member were the direct and proximate result of the acts, omissions, or conduct of the Plaintiff and/or any putative class member.

**Fifteenth Affirmative Defense**

Plaintiff and the putative class members cannot recover from Defendant, individually or as a class, for punitive or exemplary damages as any such award would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and/or the Constitution of Virginia.

**Sixteenth Affirmative Defense**

The Amended Complaint fails to allege facts sufficient to establish a claim for injunctive relief because Plaintiff has an adequate remedy at law.

**Seventeenth Affirmative Defense**

Any and all claims alleged in the Amended Complaint are barred to the extent that Plaintiff and/or putative class members had an established business relationship with Defendant, as that term is defined under the TCPA.

**Eighteenth Affirmative Defense**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, because Defendant has established and implemented, with due care, reasonable practices and procedures to prevent violations of the TCPA and took reasonable steps to comply with the TCPA.

**Nineteenth Affirmative Defense**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any putative class member acquiesced to any conduct engaged by Defendant.

**Twentieth Affirmative Defense**

To the extent Plaintiff and/or any putative class member seek to hold Defendant liable for any violations of regulations promulgated by the Federal Communications Commission ("FCC"), Defendant asserts that the FCC exceeded its authority in promulgating such regulations. In addition, Defendant asserts that the FCC's orders relating to the placement of calls or text messages to telephone numbers registered on the National Do Not Call Registry are interpretive, rather than legislative, rules.

**Twenty-First Affirmative Defense**

Defendant reserves the right to amend its Answer to assert additional affirmative defenses to the extent warranted through discovery or factual developments in this case.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court grant the following relief:

1) dismiss Plaintiff's Amended Complaint with prejudice;

2) deny all prayers for relief sought in Plaintiff's Amended Complaint;

3) award Defendant its reasonable attorneys' fees and costs to defend this action; and

4) grant Defendant such other and further relief as this Court may deem just and proper.

Date: October 10, 2025

Respectfully submitted,

**TELESCENTS, INC.**

By Counsel

*/s/ Henry I. Willett III*
Henry I. Willett III (VSB No. 44655)
hwillett@cblaw.com
Robert D. Michaux (VSB No. 80701)
rmichaux@cblaw.com
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(804) 697-4100 (T)
(804) 697-6112 (F)

Terese L. Arenth (*admitted pro hac vice*)
tarenth@moritthock.com
Alexander D. Widell (*admitted pro hac vice*)
awidell@moritthock.com
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000 (T)
(516) 873-2010 (F)

*Counsel for Defendant Telescents, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice to all counsel of record.

/s/ *Henry I. Willett III*
Counsel